RUSSELL B. HOWELL, JOSEPH H. LEE and GEORGE D. ZIEG-LER, trustees, &c., petitioners-respondents and cross-appellants,

*v.*

JOHN W. BARTLETT et al., defendants-respondents, and THE NATIONAL BANK OF NEW JERSEY and DOUGLAS J. FISHER, trustees, &c., and the ESTATE OF EDWIN A. FISHER, deceased, defendants-appellants, and NEW BRUNSWICK TRUST COMPANY, cross-petitioner-appellant.

[Submitted May term, 1939. Decided October 16th, 1939.]

*Mr. John P. Kirkpatrick,* for the appellant New Brunswick Trust Company.

*Mr. Warren R. Schenck,* for the appellant trustees of estate of Peter Fisher, deceased.

*Messrs. Child, Riker, Marsh & Shipman (Mr. Irving Riker,* of counsel), for the appellant trustees of estate of Edwin A. Fisher, deceased.

*Mr. Horace E. Barwis (Mr. William D. Danberry,* of counsel), for the petitioners-respondents and cross-appellants Russell B. Howell, Joseph H. Lee and George D. Ziegler, trustees, &c.

*Mr. George S. Silzer,* for the respondents Leah B. Mack et al.

PER CURIAM.

The issue framed by the pleadings was whether appellant New Brunswick Trust Company is entitled, as the holder of the unissued and reacquired bonds, to share *pro rata* with the holders of the outstanding bonds in the proceeds of the collateral security; and we concur in the view of the learned vice-chancellor, as expressed in his opinion and embodied in the decree, that the obligation of the named Trust Company, as the maker of the bonds, was "primary and direct," and that, notwithstanding the plan of reorganization adopted in pursuance of what it conceived to be the power bestowed by chapter 116, amended by chapter 287, of the laws of 1933 (*P. L. pp. 241, 770; R. S. 1937, 17:8-1 et seq.*), it "is not entitled to share *pro rata* in the liquidation of the collateral," but "is only entitled to receive the surplus after the other bondholders are paid in full."

But, in this view, there is no occasion to determine whether the plan of reorganization was adopted "in accordance with" the statute adverted to, and therefore was effective to discharge the Trust Company's primary debtor's obligation as to

non-assenting bondholders. It was not otherwise within the issue, and so we think the decree in this respect should be reversed.

And we are of the opinion that, in the particular circumstances, there was no abuse of discretion in the denial of a counsel fee to the trustees of the estate of Peter Fisher, deceased.

The decree is accordingly modified, and, as so modified, affirmed; and the cause is remanded for further proceedings in conformity with these views.

*For modification*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.